[Nos. 868-2; 869-2.   Division Two.   December 6, 1973.]

THE CITY OF TACOMA, *Respondent*, v. DONALD A. NEKEFEROFF *et al., Appellants.*

*Fred G. Enslow* and *Griffin & Enslow*, for appellants.

*Robert R. Hamilton, City Attorney, F. H. Chapin, Jr.*, and *William J. Barker, Assistants*, for respondent.

RYAN, J.*—The appellants, who are brothers, were tried and convicted in municipal court of being disorderly persons. On appeal to the superior court they were again adjudged guilty and were sentenced by the court after trial before a jury.

Appellant Peter A. Nekeferoff was charged by complaint with two misdemeanors. In count 1 he was alleged to have resisted an officer in the discharge of his duty, and in count 2 he was charged with disturbing the peace by noisy, riotous or tumultuous conduct. Donald A. Nekeferoff was charged with three misdemeanors. Count 1 alleged that he disturbed the peace by noisy, riotous or tumultuous conduct, count 2 charged that he *resisted* an officer in discharge of his duty, count 3 charged that he *interfered* with an officer in the performance of his duty.

---

*Judge Frank W. Ryan is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

The incident giving rise to the above charges began when two Tacoma police officers observed the appellants at approximately midnight standing in the traveled portion of a business district street talking to each other and to another man. They were requested by the officers to remove themselves from the street to the safety of the sidewalk. The officers then continued on, but upon looking back, observed that the appellants were still in the street. The officers returned and again asked the men to leave the street. During the conversation which followed, the appellant Peter Nekeferoff said that he was a drunk, his speech was rambling and incoherent, and one of the officers detected a strong odor of alcohol on his breath. Believing him to be intoxicated, the officers proceeded to place him under arrest for being "drunk in public." Peter resisted the officers' efforts to take him in custody and, observing what was happening, Donald attempted to come to his brother's rescue. A somewhat violent struggle ensued between the four men but after police reinforcements arrived, the appellants were subdued and placed in jail.

In the trial in superior court, the appellants' principal defense was that the initial arrest was not legal, and consequently they had the right to resist by use of necessary force. They now contend that although the officers might have arrested appellants for being intoxicated in public and for being in the street where a sidewalk was provided, they were not so charged, but instead were charged with disorderly conduct as alleged in the complaints. They urge that it was error for the trial court to instruct the jury relative to the original offenses, which would provide grounds for legal arrest but have not been charged. The instructions which appellants now argue constituted error are as follows:

INSTRUCTION NUMBER 7
You are instructed that Section 11.30.140 of the Official Code of the City of Tacoma provides as follows:

11.30.140 WALKING ALONG ROADWAYS—USE OF SIDE-WALKS REQUIRED. Where sidewalks are provided it is unlawful for any pedestrian to walk along and upon an adjacent roadway.

INSTRUCTION NUMBER 9

You are instructed that Section 8.12.010 of the Official Code of the City of Tacoma defines the following persons to be disorderly persons:

Any person found to be intoxicated in public in the City of Tacoma.

The court further instructed the jury in clear and concise terms of the charges contained in the complaints against appellants and advised them that they were required to find each and every element of these charges to have been proved beyond a reasonable doubt before finding the defendants guilty. The jury was fully instructed regarding the rights of an individual to resist arrest and the prepared forms of verdict limited the jury to findings concerning only the crimes charged.

We do not believe the trial court was in error.

The appellants have cited and rely on the following cases in support of their contention that the jury was erroneously charged: *State v. Thompson,* 68 Wn.2d 536, 413 P.2d 951 (1966); *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Severns,* 13 Wn.2d 542, 125 P.2d 659 (1942); *State v. Galen,* 5 Wn. App. 353, 487 P.2d 273 (1971); *State v. East,* 3 Wn. App. 128, 474 P.2d 582 (1970).

A careful examination of these cases reveals that they are clearly distinguishable from the instant case.

In *State v. Severns, supra,* the Supreme Court held it was error to instruct that the crime of forcible rape could be committed in either of two ways although the crime was charged in only one and there was no other instruction specifically defining the crime charged. In the present case, the court did not instruct that the crime charged could be committed in any way except as stated in the complaint. *State v. Thompson, supra,* is very similar. In that case the defendant was charged with larceny by "taking away," and the only evidence introduced was directed to this form of

larceny. It was held error to instruct that the crime could have been committed by "embezzlement" regarding which there was no evidence, and in failing to instruct as to "taking." In the instant case the court clearly instructed that the misdemeanors charged could be proved only by proof of all the elements specifically alleged.

*State v. Olds, supra,* is very similar to the *Severns* and *Thompson* cases in that the trial court instructed the jury that the crime charged, grand larceny, could be established either by proof of facts as described in subdivision (1) or subdivision (4) of the larceny statute. The information specifically employed the wording of subdivision (1) only. The Supreme Court held the instruction to be erroneous because it advised the jury that they could find the defendants guilty of a crime not charged in the information. In the instant case, the jury was not instructed that the defendants could be found guilty of any crime except as charged.

*State v. East, supra,* holds that to convict a defendant of a lesser, included offense, "The elements of the included offense must be essential to conviction of the named offense." This is not apposite to the case now before us because the instruction of the court here did not refer to an included offense and did not advise the jury that they could find the defendants guilty other than as charged.

In *State v. Galen, supra,* the defendant protested that the court erred in not instructing that forcible entry and detainer, a misdemeanor, is an included offense in second-degree burglary. However, the elements of the two crimes are not the same and the Court of Appeals, citing *State v. East, supra,* held that it was not error to refuse the proposed instruction.

It must be kept in mind that the defendants interposed the defense of unlawful arrest in this case. This necessitated the introduction of evidence of all the circumstances surrounding their arrest. Both parties produced testimony concerning the condition as to sobriety of defendant Donald A. Nekeferoff and to the position of the defendants in rela-

tion to the street and sidewalk. This testimony was admitted without objection. Such a defense necessarily invites and requires the trial court to instruct the jury as to what constitutes a lawful arrest and what a defendant's rights are in resisting an unlawful arrest. The sole purpose of giving the instructions objected to was to inform the jury of grounds upon which a lawful arrest might be made. The court did not instruct that the jury could find the defendants guilty if they found they had violated the ordinances set forth in instruction No. 7 and instruction No. 9. On the contrary, the court had properly instructed that the defendants could be found guilty only if they were found to have violated the ordinances spelled out in the complaint.

■ If instructions, taken as a whole, are such that they are "readily understood and not misleading to the ordinary mind, they are sufficient." *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968).

■ Since the evidence of what would constitute crimes, other than those charged in the complaint, was introduced by both parties and admitted without objection, the defendants cannot complain in this respect. Furthermore, it might be noted that our Supreme Court has held that evidence of crimes not alleged in the information may be admitted under certain circumstances, one of which is if such evidence is "relevant and necessary to prove some essential point which the state was required to establish." *State v. Goebel,* 40 Wn.2d 18, 22, 240 P.2d 251 (1952).

The evidence of these other crimes having been properly and necessarily admitted in order to resolve the question of the legality of defendants' arrest, the city was entitled to instructions governing such evidence.

The judgments and sentences are affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.