[No. 19566-2-I. Division One. May 16, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. STEPHEN W. NOEL, *Appellant*.

*Helen A. Anderson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dean S. Lum, Deputy,* for respondent.

COLEMAN, A.C.J.—Stephen W. Noel appeals from the judgment and sentence in his conviction for one count of first degree statutory rape arising out of sexual contact he had with his young daughter. We affirm.

Noel's daughter, A., testified at trial of various incidents of sexual contact that occurred during her visits with her father in Fall City when she was between the ages of 6 and 8. Noel was divorced from A.'s mother at the time. Those incidents included her father touching her genitals as many as 40 times during that period. They also included as many as 15 incidents in which Noel either placed his penis against A.'s vagina or in her mouth. The incidents were never observed by others who shared Noel's apartment. A. revealed these incidents to Debbie Gilbert, a girl friend with whom Noel began living in April 1983. A. first told Gilbert of the incidents sometime in 1985. An information charging Noel of first degree rape was filed on September 4, 1985, and alleged that Noel had sexual contact with his daughter numerous times in the preceding 5–year period.

The only issue in this case is whether jury instruction 11 denied appellant the right to a unanimous jury.[1]

Appellant's trial counsel, in a pretrial hearing, noted that the State was going to produce evidence of multiple acts and so requested that the State either indicate which particular act the jury was to consider or offer a unanimity instruction:

> MR. PLEASANTS: You can't have twelve jurors saying twelve different acts occurred because it must be unanimous. Therefore, the prosecution must either elect one incident to submit to the jury—that's their option—or a limiting instruction must be given . . .

The prosecution agreed to provide a unanimity instruction, and the court subsequently gave the jury the State's proposed instruction as instruction 11:

> Evidence has been introduced of multiple acts of sexual contact between [A.] and the defendant.
>
> Although the twelve of you need not agree that all the acts have been proved, you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt.

Defense counsel did not object or take exception to this instruction. On appeal, appellant argues for the first time that the instruction was inadequate to protect his constitutional right to a unanimous jury verdict.

This court will not review instructions requested by a party who later claims the instruction is in error. *State v. Kilponen,* 47 Wn. App. 912, 919, 737 P.2d 1024 (1987). Moreover, a party is generally required to take exception to a jury instruction at trial in order to preserve the issue for appellate review. *State v. Bockman,* 37 Wn. App. 474, 493, 682 P.2d 925, *review denied,* 102 Wn.2d 1002 (1984).

Nonetheless, the issue of jury unanimity generally may be raised for the first time on appeal. *State v. Kitchen,* 46 Wn. App. 232, 730 P.2d 103 (1986), *aff'd on other grounds,*

---

[1]Appellant initially raised several other issues which he now concedes have been resolved against him by *State v. Hodgson,* 44 Wn. App. 592, 722 P.2d 1336 (1986), *aff'd in part, rev'd in part,* 108 Wn.2d 662, 740 P.2d 848 (1987).

110 Wn.2d 403, 756 P.2d 105 (1988). *See also* RAP 2.5(a)(3) (party may raise for the first time on appeal a "manifest error affecting a constitutional right"). This RAP provision, however,

> in no way affects the discretion of this court to refuse review of issues not raised below. The rule merely enunciates our long-standing practice of addressing error where justice clearly demands we do so. . . . RAP 2.5(a)(3) may not be invoked merely because defendant can identify a constitutional issue not litigated below.

(Citations omitted.) *State v. Valladares,* 31 Wn. App. 63, 75-76, 639 P.2d 813 (1982), *aff'd in part, rev'd in part,* 99 Wn.2d 663, 664 P.2d 508 (1983).

In this case, it was appellant who instigated the instruction by pointing out to the trial court the necessity that the State either give a unanimity instruction or elect only to prosecute for one act. When the State chose to submit the unanimity instruction, appellant declined to object or to take exception to it. Clearly, the learned trial court and respective counsel noted nothing problematic about the instruction. Thus, the alleged error in this instruction does not rise to the level of "manifest error" that can be raised for the first time on appeal.[2]

■ Nonetheless, we take review of this issue because it has been raised in several other cases pending before this court involving an identical instruction to which no exception was taken at trial. Jury instructions are adequate if they allow the parties to argue their theories of the case, they are not misleading, and when read as a whole, they properly inform the jury of the applicable law. *State v. Schneider,* 36 Wn. App. 237, 242, 673 P.2d 200 (1983). An instruction is not misleading if it is readily understood by

---

[2]This situation should be contrasted from those where the unanimity issue was not raised before the trial court and no instruction was given whatsoever on that issue. We have allowed consideration for the first time on appeal under those circumstances. *See State v. Green,* 94 Wn.2d 216, 231, 616 P.2d 628 (1980); *State v. Fitzgerald,* 39 Wn. App. 652, 655, 694 P.2d 1117 (1985).

the ordinary mind. *Tacoma v. Nekeferoff,* 10 Wn. App. 101, 105, 516 P.2d 1048 (1973).

The unanimity instruction in this case was required under *State v. Petrich,* 101 Wn.2d 566, 572, 683 P.2d 173 (1984). That case involved a prosecution for a single count of statutory rape based on numerous incidents of sexual contact. The court held that in order to protect a defendant's right to a unanimous jury verdict, the State must either elect which act it is relying on for prosecution or propose a clarifying instruction to the effect that "all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt . . ." *Petrich,* at 572.

█ We are necessarily involved in reviewing the instruction after the fact, and as an advocate, appellant's counsel is understandably and properly seeking to establish an ambiguity. In such an endeavor, even the simplest sentence may be open to myriad interpretations. The issue before us, however, is not whether it is possible to interpret instruction 11 to mean one can be convicted without unanimity as to the act proved, but whether the ordinary juror would so interpret it. *See Nekeferoff,* at 105.

Appellant argues the instruction can be read to mean the jury could convict as long as each juror was convinced at least one of the acts was proved beyond a reasonable doubt, even if each juror was convinced as to a different act. We think the less strained reading, and the one an ordinary juror would give the instruction, is that unanimous consensus was required as to which act was proved. In the operative clause, "you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt", the subject is the plural *you,* meaning all of the jurors. The verb phrase requires unanimous agreement among them. Finally, the object of their agreement is that *one particular* act has been proved. The phrase *one particular* act, in conjunction with the plural *you,* asks the jury as a whole to focus on a single act. Consequently, the ordinary reasonable

juror would read the clause to mean the jury must unanimously decide the same act has been proved beyond a reasonable doubt.[3] *See State v. Stubsjoen,* 48 Wn. App. 139, 151, 738 P.2d 306, *review denied,* 108 Wn.2d 1033 (1987).

The judgment and sentence of the trial court is affirmed.

SWANSON, J., concurs.

WINSOR, J. (dissenting)—I respectfully dissent from the majority's determination that the jury instruction at issue ensured jury unanimity. Jury verdicts in Washington criminal cases are constitutionally required to be unanimous. *State v. Badda,* 63 Wn.2d 176, 385 P.2d 859 (1963). I cannot read the jury instruction given by the trial court

> Evidence has been introduced of multiple acts of sexual contact between [A.] and the defendant.
>
> Although the twelve of you need not agree that all the acts have been proved, you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt.

without believing that one or more of the jurors could reasonably have concluded that the "one particular act" she or he believed took place need not be the *same* "one particular act" that other jurors believed took place.

*State v. Petrich,* 101 Wn.2d 566, 572, 683 P.2d 173 (1984), the governing authority for jury unanimity, requires that "all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt". In this case, the key word in the *Petrich* rule, "same", was not a part of the trial court's instruction.[4] Under the

---

[3]While we hold that the instruction in its present form is not misleading, that is not to say it could not be improved. Language such as "you must unanimously agree that the same act has been proved beyond a reasonable doubt" would eliminate even the remotest possibility of confusion.

[4]An example of an instruction more reflective of *Petrich* is:

Evidence has been introduced of multiple acts of sexual contact between [A.] and the defendant.

instruction given, therefore, we cannot be sure that all of the jury agreed upon the same underlying act.

I do not find comfort in the grammatical analysis of the instruction by the majority. An instruction is sufficiently clear if it can be readily understood and is not misleading to the ordinary mind. *State v. Dana,* 73 Wn.2d 533, 537, 439 P.2d 403 (1968). I do not believe that ordinary jurors are likely to interpret a jury instruction on the basis of subjects, verbs, and objects. Rather, the ordinary juror is more likely to read the instruction as a whole. Taken as a whole, the instruction at issue can be interpreted either as the majority has or as I believe a juror may.

I therefore respectfully dissent. I would reverse and remand for new trial.

Review denied by Supreme Court September 1, 1988.

To convict the defendant it is not necessary that you find all of the acts have been proven, but it is necessary that the jury unanimously agree that the same, one particular act has been proved beyond a reasonable doubt.
I believe that in future cases this instruction should be given.