[No. 15695-4-II.  Division Two.  October 8, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY BRUCE ELLIS, *Appellant.*

*John A. Hayes,* for appellant (appointed counsel for appeal).

*C.C. Bridgewater, Prosecuting Attorney,* and *James J. Stonier, Deputy,* for respondent.

MORGAN, J. — Jerry Bruce Ellis appeals convictions for various crimes involving the sexual abuse of a child. We affirm.

In 1991, the State charged Ellis with two counts of first degree child molestation and two counts of first degree child rape. The alleged victim on each count was C.R., born May 6, 1980.

Ellis pleaded not guilty and the case proceeded to jury trial. At trial, the State called C.R., who testified to being sexually abused on a number of occasions. On the earliest occasion, Ellis rubbed his penis against her buttocks. On another occasion, Ellis put his hand up her shirt. On as many as 15 occasions, Ellis put his finger or fingers in her vagina. "About three times", Ellis put his penis in her vagina. On each occasion, she and Ellis were in Ellis's apartment, on the floor, on the Hide-a-Bed, or on Ellis's bed. The first incident was when she was 7 years old, and the last was about 2 years later.

The State also called a doctor with specialized training in child sexual abuse. He testified that he had examined C.R. and that she could have been the victim of penile and digital penetration.

A detective with the Longview Police Department testified about an interview with Ellis. He stated that Ellis admitted rubbing his erect penis against C.R.'s buttocks on three or four occasions, but denied other sexual contact.

The court instructed the jury without objection from either party. In instruction 9, the court said that to convict on count 1, the jury had to find, beyond a reasonable doubt, that

between January 1987 and December 1989, Ellis had sexual contact with C.R., that C.R. was less than 12 years old, and that Ellis was more than 36 months older than C.R. In instruction 10, the court set forth the same elements for count 2; it added, however, that count 2 had to have occurred "on a day other than Count I". In instruction 12, the court said that to convict on count 3, the jury had to find, beyond a reasonable doubt, that between January 1987 and June 1988, Ellis had sexual intercourse with C.R., that C.R. was less than 12 years old, and that Ellis was more than 24 months older. In instruction 13, the court reiterated the same elements for count 4; the dates, however, were between January 1988 and December 1989.

The court defined sexual contact and sexual intercourse. In instruction 7, it told the jury that sexual contact was any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party. In instruction 14, it told the jury that sexual intercourse occurred whenever there was penile or digital penetration of the vagina, however slight.

The court also gave instructions 4 and 5. In instruction 4, it stated:

> A separate crime is charged in each count. You must decide each count separately as if it were a separate trial. Your verdict on one count should not control your verdict on any other count.

In instruction 5, it stated:

> Evidence has been introduced of multiple acts of sexual contact and intercourse between the defendant and [C.R.].
>
> Although twelve of you need not agree that all the acts have been proved, you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt for each count.

During closing argument, the prosecutor explained to the jury that child rape and sexual molestation were different. The prosecutor stated that child rape involved intercourse, including digital penetration, and that child molestation involved touching done to gratify sexual desire.[1]

---

[1] The prosecutor also explained this difference in her opening statement.

The prosecutor also argued that a separate act supported each of the four counts against Ellis. For count 1, the prosecutor argued that Ellis had put his hand under C.R.'s shirt. For count 2, the prosecutor asserted that Ellis had touched C.R.'s vaginal area without penetration. For count 3, the prosecutor argued that Ellis had penetrated C.R.'s vagina with his penis while C.R. was 7 years old. For count 4, the prosecutor said that Ellis had digitally penetrated C.R. while she was 8 years old.

Finally, the prosecutor stated that the jury had to be unanimous with respect to the act used to support any count. Referring to the acts argued in support of each count, she said, "You do have to be unanimous as to each one."[2]

Like the prosecutor, defense counsel cautioned the jury that it needed to consider each count separately. He said:

> All twelve of you must agree on one specific act to find guilt . . . There's four "to convict" instructions in there. You have to find each of those elements in each one of those "to convict" instructions on one particular incident for each one. Like Ms. Baur [the prosecutor] indicated, you can't say well some of you believe it happened on Tuesday and some happened on Wednesday. You can't combine the two because they're two different instances, they're two different crimes.[3]

Defense counsel also told the jury that it had to be satisfied beyond a reasonable doubt that at least four incidents had happened.

The jury returned guilty verdicts on all four counts, and Ellis appealed. On appeal for the first time, he argues that in order to convict on any of the four counts, the jury had to agree, unanimously, that the same underlying criminal act had been proved beyond a reasonable doubt. He also argues that in order to convict on any of the four counts, the jury had to use as a factual basis an act different from that used for any other count. He asserts that the trial court failed to instruct the jury on these requirements, and that he is therefore entitled to a new trial.

---

[2] Report of Proceedings (RP) vol. II, at 28.

[3] RP vol. II, at 33.

Preliminarily, we note that these arguments are fundamentally different. The one asserting that all jurors must agree on the same act underlying any given count has to do with jury unanimity and the right to jury trial. The one asserting that the jury could not use the same act as a factual basis for more than one count has to do with the right against double jeopardy; at least in the context here, to use one act as the basis for two counts is to convict twice for the same crime.

█ Both arguments are constitutional in magnitude. Thus, we consider them even though Ellis failed to raise them below. *State v. Hanson,* 59 Wn. App. 651, 659, 800 P.2d 1124 (1990); *State v. Gooden,* 51 Wn. App. 615, 617, 754 P.2d 1000, *review denied,* 111 Wn.2d 1012 (1988); *State v. Fitzgerald,* 39 Wn. App. 652, 655, 694 P.2d 1117 (1985).

The first argument is based on *State v. Petrich,* 101 Wn.2d 566, 572, 683 P.2d 173 (1984); *see also State v. Crane,* 116 Wn.2d 315, 325, 804 P.2d 10, *cert. denied,* 501 U.S. 1237 (1991); *State v. Kitchen,* 110 Wn.2d 403, 409, 756 P.2d 105 (1988) (citing *State v. Stephens,* 93 Wn.2d 186, 190, 607 P.2d 304 (1980)); *State v. Hanson,* 59 Wn. App. 651, 656 n.4, 800 P.2d 1124 (1990). The *Petrich* court held that in cases in which the evidence discloses multiple acts, any one of which could form the basis for conviction, jury unanimity must be protected. One way to do this, it said, is to instruct "that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt...." 101 Wn.2d at 572.

At least two cases consider situations in which a trial court failed to instruct as required by *Petrich,* but nevertheless did not violate the idea of jury unanimity. In *State v. Noltie,* 116 Wn.2d 831, 843, 809 P.2d 190 (1991), the trial court instructed:

> Evidence has been introduced of alleged multiple acts of sexual intercourse between [M] and the defendant.
> Although the twelve of you need not agree that all of the acts have been proved, to convict the defendant of Count I or Count II you must unanimously agree that at least one separate act of sexual intercourse pertaining to each count has been proved beyond a reasonable doubt.

Arguably, this instruction did not tell the jurors that they had to agree on the *same* underlying act; rather, it allowed them to convict so long as each juror was convinced of one act per count beyond a reasonable doubt, even though it was not the same act. The Supreme Court, however, concluded that the instruction was adequate. It did not discuss its reasons, but it must have thought that the instruction adequately communicated to the ordinary juror the idea that each juror must agree on the same underlying act.

In *State v. Noel*, 51 Wn. App. 436, 753 P.2d 1017, *review denied*, 111 Wn.2d 1003 (1988), the trial judge gave an instruction very similar to instruction 5 in this case. It said:

> Evidence has been introduced of multiple acts of sexual contact between [the defendant's daughter] and the defendant.
> Although the twelve of you need not agree that all the acts have been proved, you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt.

51 Wn. App. at 438. Division One upheld the instruction, though one judge dissented. The majority said:

> Appellant argues the instruction can be read to mean the jury could convict as long as each juror was convinced at least one of the acts was proved beyond a reasonable doubt, even if each juror was convinced as to a different act. We think the less strained reading, and the one an ordinary juror would give the instruction, is that unanimous consensus was required as to which act was proved. In the operative clause, "you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt", the subject is the plural *you*, meaning all the jurors. The verb phrase requires unanimous agreement among them. Finally, the object of their agreement is that *one particular* act has been proved. The phrase *one particular* act, in conjunction with the plural *you*, asks the jury as a whole to focus on a single act. Consequently, the ordinary reasonable juror would read the clause to mean the jury must unanimously decide the same act has been proved beyond a reasonable doubt.

51 Wn. App. at 440-41.[4]

---

[4] The court also pointed out, as we do too, that the instruction would have been better if it had said that the jury "must unanimously agree that the same act has been proved". 51 Wn. App. at 441 n.3.

■ Like the *Noltie* and *Noel* courts, we hold that instruction 5 marginally but adequately insured jury unanimity on each count, even though it failed to use the language prescribed in *Petrich*. Read as an ordinary juror would read it, instruction 5 communicates the idea that before Ellis can be convicted on any count, each juror must agree that the same act has occurred.

Ellis's second argument is that the jury might have used the same act to convict him on more than one count. Although he casts this argument in terms of jury unanimity, its root, as we have already said, lies in the fundamental idea that a defendant cannot be convicted twice for the same crime.

Ellis's second argument has two parts. First, he says the jury might have used a single rape as the factual basis for counts 3 and 4, because it was not told that each of those counts required a different act. Second, he says the jury might have used a single rape as the factual basis for counts 1 and 3, on the one hand, and counts 2 and 4 on the other, because at least in the mind of the average juror, an act of rape is also an act of child molestation.

■ The first part of the argument is not well taken. It is our view that the ordinary juror would understand that when two counts charge the very same type of crime, each count requires proof of a different act. Additionally, the trial court affirmatively instructed, in instruction 4, that a separate crime was charged in each count and, in instruction 5, that the jury was required to unanimously agree that at least one particular act had been proved for each count.

The second part of the argument also is not well taken. As before, it is our view that the ordinary juror would understand that when two counts charge similar crimes, each count requires proof of a different act. Also as before, the trial court gave instruction 4, which stated that a separate crime was charged in each count, and instruction 5, which stated that the jury was required to unanimously

agree that at least one particular act had been proved for each count.

Before concluding, we observe that even though we hold instruction 5 to be adequate, it is also marginal. The reason is that it unnecessarily attempts to describe in the same sentence two different ideas: the idea that all 12 jurors must agree on the act used as a factual basis for any given count, and the idea that the same act cannot be used to convict twice. As noted already, the two ideas are fundamentally different, and to mix them is to invite confusion. On the other hand, clarity can be promoted, and vexing argument avoided, if they are described in separate instructions, or at least in separate sentences.

Having found the instructions adequate, we need not reach the argument concerning ineffective assistance of counsel.

Affirmed.

SEINFELD, A.C.J., and HOUGHTON, J., concur.