[No. 13176-9-III.    Division Three.    April 4, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL WESLEY
HOLLAND, *Appellant*.

*Paul J. Wasson,* for appellant.

*John D. Knodell III, Prosecuting Attorney,* for respondent.

Sweeney, A.C.J. — Paul Wesley Holland appeals his conviction on two counts of first degree child molestation. He contends the information charging him with the crimes was deficient; he also contends the trial court erred in permitting a witness to testify as an expert, in admitting testimony without adequate scientific basis, and in instructing the jury. We reverse and remand for trial.

## Facts and Procedural Background

Regina Swisher met Mr. Holland in September of 1991. Later that month he moved in with her and stayed for about 1 month, moving out during the first week of November. Ms. Swisher's daughter, age 6, and son, age 8, lived with her. During the time Mr. Holland lived in the home, he was at times alone with the children.

The evening after Mr. Holland moved out, Ms. Swisher's daughter volunteered to a babysitter that he had touched her private parts. She later repeated the allegation to her mother. At some point, she also reported the abuse to her teacher, following which she received counseling from school counselor Christine Welch.

Mr. Holland was charged with three counts of first degree child molestation.[1] The daughter's recollection of the events was as follows:

Q: What were you doing when Wes touched you?

A: I was sitting down on his lap and watching TV.

. . . .

Q: Okay. Do you remember what you were watching on TV when these things would happen?

A: No.

. . . .

Q: How many times did he do this to you?

A: More than three.

Q: But you don't know exactly how many?

A: Yeah, I don't know.

And on cross examination, she testified as follows:

Q: You said this happened more than three times. Could you — I don't need a description of what happened at a particular time as between you and Wes, but I'm asking can you remember something else about it, can you remember a distinct thing about just one of these? Like what was on TV?

---

[1]Mr. Holland was also charged and convicted of first degree assault but does not appeal that conviction.

A: No.

Q: Can you remember a particular day?

A: No.

Q: Can you remember anything that makes one time different from another, other than it was just at different times?

A: I can't remember.

Q: But you're sure it happened more than three times?

A: Yes.

Q: Why are you sure?

A: Because he was living there more than three times and he would do that.

Ms. Welch testified it was not unusual for a victim of child abuse to delay reporting the abuse. The jury found Mr. Holland guilty of two of three counts of first degree child molestation. He now appeals.

## DISCUSSION

Mr. Holland assigns error to the court's failure to require a unanimous verdict. That challenge is dispositive of this appeal.

■■ He contends instruction 8[2] allowed the jury to

---

[2]The instruction reads:

"To convict the defendant of the crime of Child Molestation in the First Degree, as charged in Count 2, each of the following elements of the crime must be proved beyond a reasonable doubt:

"1) That between October 2, 1991 and November 2, 1991, the defendant had sexual contact with a minor female; and,

"2) That the minor female was less than twelve years old; and,

"3) That the minor female was not married to the defendant; and,

"4) That the defendant was at least thirty-six months older than the minor female; and

"5) That the foregoing occurred in Grant County, Washington.

"To convict the defendant of the crime of child molestation in the first degree as charged in Count 3, each of the following elements must be proved beyond a erea-sonable doubt:

"1) That between October 2, 1991 and November 2, 1991, and on an occasion other than one found to support Count 2, the defendant had sexual contact with a minor female; and,

"2) That the minor female was less than twelve years old; and,

convict him with less than a unanimous verdict on each count. Although he did not except to the court's instructions, the right to a unanimous verdict is a fundamental constitutional right and may, therefore, be raised for the first time on appeal. *State v. Gitchel*, 41 Wn. App. 820, 821-22, 706 P.2d 1091, *review denied*, 105 Wn.2d 1003 (1985). Included in the constitutional requirement of jury unanimity is the requirement that the jury unanimously agree on the act underlying each charge. *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984).[3]

■ Mr. Holland was charged with three separate counts of first degree child molestation, but convicted of only two.

---

"3) That the minor female was not married to the defendant; and,

"4) That the defendant was at least thirty-six months older than the minor female; and,

"5) That the foregoing occurred in Grant County, Washington.

"To convict the defendant of the crime of child molestation in the first degree as charged in Count 4, each of the following elements must be proved beyond a reasonable doubt:

"1) That between October 2, 1991 and November 2, 1991, and on an occasion other than any found to support Counts 2 and/or 3, the defendant had sexual contact with a minor female; and,

"2) That the minor female was less than twelve years old; and,

"3) That the minor female was not married to the defendant; and,

"4) That the defendant was at least thirty-six months older than the minor female; and,

"5) That the foregoing occurred in Grant County, Washington.

"As to any count, if you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to that count.

"On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements on any count, then it will be your duty to return a verdict of not guilty as to that count."

[3]WPIC 4.25 states:

"There are allegations that the defendant committed acts of _____ (describe conduct) on multiple occasions. To convict the defendant, one or more particular acts must be proved beyond a reasonable doubt and you must unanimously agree as to which act or acts have been proved beyond a reasonable doubt. You need not unanimously agree that all the acts have been proved beyond a reasonable doubt." 11 Wash. Prac., *WPIC* 4.25, at 88 (2d ed. 1994).

It is impossible, on this record, to conclude that all 12 jurors agreed on the same act to support convictions on each count.

There are circumstances in which the failure to require a unanimous verdict as to each count may well be harmless. One is when the nature of the jury's verdict renders the failure harmless. *See State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981); *State v. Loehner*, 42 Wn. App. 408, 409-10, 711 P.2d 377 (1985), *review denied*, 105 Wn.2d 1011 (1986). For example, if the victim in this case had testified to only three separate acts of molestation and the jury had then convicted Mr. Holland of all three, all 12 jurors would necessarily have found that all three acts had been committed. Such a verdict would foreclose the possibility that some jurors agreed on one act for count 3, while others disagreed and thought the same act constituted the basis for count 4, a count on which Mr. Holland was ultimately acquitted. There is no way given this verdict to assure that all the members of the jury were relying on the same incident when considering each count.

The dissent relies on *State v. Noltie*, 116 Wn.2d 831, 809 P.2d 190 (1991) and *State v. Ellis*, 71 Wn. App. 400, 859 P.2d 632 (1993). Both cases are distinguishable because, in both, a form of unanimity instruction was given. In *Ellis*, at 402, the court instructed the jury that "[a]lthough twelve of you need not agree that all the acts have been proved, you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt for each count"; essentially the same instruction was also used in *Noltie*, at 843.[4] No such instruction constrained the jury here.

---

[4]"Evidence has been introduced of alleged multiple acts of sexual intercourse between [M] and the defendant.

"Although the twelve of you need not agree that all of the acts have been proved, to convict the defendant of Count I or Count II you must unanimously agree that at least one separate act of sexual intercourse pertaining to each count has been proved beyond a reasonable doubt." *Noltie*, at 843.

Mr. Holland also contends the information lacked the specificity to allow him to defend these charges. He argues the lack of differentiation among the three counts of molestation prevented him from determining what evidence applied to each count.

The charges in the information on the molestation counts, counts 2, 3, and 4, were as follows:

COUNT 2: That the said PAUL WESLEY HOLLAND in the County of Grant, State of Washington, between October 2, 1991 and November 2, 1991, did engage in sexual contact with and was at least thirty-six months older than a minor female child dob 05-10-85, a person who was less than twelve years of age and not married to the accused.

COUNT 3: That the said PAUL WESLEY HOLLAND in the County of Grant, State of Washington, between October 2, 1991 and November 2, 1991, did engage in sexual contact with and was at least thirty-six months older than a minor female child dob 05-10-85, a person who was less than twelve years of age and not married to the accused.

COUNT 4: That the said PAUL WESLEY HOLLAND in the County of Grant, State of Washington, between October 2, 1991 and November 2, 1991, did engage in sexual contact with and was at least thirty-six months older than a minor female child dob 05-10-85, a person who was less than twelve years of age and not married to the accused.

■■ As a constitutional issue, the sufficiency of an information may be raised initially on appeal. *State v. Leach*, 113 Wn.2d 679, 691, 782 P.2d 552 (1989). But an information will be more liberally construed in favor of validity when it is first challenged on appeal. *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991). *Kjorsvik* sets forth a 2-part test to determine the sufficiency of a charging document when first challenged on appeal: "(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" *Kjorsvik*, at 105-06.

■ Liberally construed, the information informs Mr. Holland he was being charged for three separate instances of molestation. It is not necessary to give exact dates for each alleged offense. As the court in *State v. Carver*, 37 Wn. App. 122, 126, 678 P.2d 842, *review denied*, 101 Wn.2d 1019 (1984), stated: "The State need not fix a precise time for the commission of the offense when it cannot intelligently do so. . . . The State's inability to charge a specific date was because the victims were young girls and could not remember." Similarly, the victim here was a young girl who could not remember the date of each alleged offense. In any case, the lack of specificity did not prejudice Mr. Holland. His defense was that he did not commit the offenses at any time; specific dates would not have aided that defense. There was therefore no prejudice.

■ Finally, Mr. Holland challenges the court's admission of evidence on "delayed reporting" and Ms. Welch's qualifications to testify regarding delayed reporting. An expert's opinion that it is not uncommon for a sexual abuse victim to delay reporting the abuse is appropriate when, as here, the credibility of the victim has been put in issue. *Petrich*, at 575-76. The critical question, then, is whether Ms. Welch was qualified as an expert to give an opinion on delayed reporting.

■ The determination of whether a witness is qualified to testify as an expert is within the sound discretion of the trial court. Its ruling will not be reversed absent a manifest abuse of discretion. *State v. Quigg*, 72 Wn. App. 828, 837, 866 P.2d 655 (1994). A witness may qualify as an expert by knowledge, skill, experience, training, or education. ER 702. Ms. Welch testified she had received her masters degree in counseling psychology, was certified by the State to work in the schools, and had, in fact, worked as an elementary school counselor. She testified she had studied child abuse as part of her course work for her masters degree and she had also attended an additional seminar on the subject. She had counseled about a dozen abused children. There was ample

evidence of her education, training and experience to support the trial court's exercise of discretion in allowing her to testify. Her testimony was properly admitted; its weight was for the jury.

Reversed and remanded for trial.

SCHULTHEIS, J., concurs.

MUNSON, J. (dissenting) — Paul Holland contends instruction 8 allowed the jury to convict him without being unanimous as to the conduct underlying each count. The record does not reveal that Mr. Holland took exception to the court's instructions.

Here, instruction 8 was the "to convict" instruction for the three counts of molestation. Relevant here is the first element of each child molestation count:

. . . Count 2 . . .

1) That between October 2, 1991 and November 2, 1991, the defendant had sexual contact with a minor female;

. . . Count 3 . . .

1) That between October 2, 1991 and November 2, 1991, and on an occasion other than one found to support Count 2, the defendant had sexual contact with a minor female;

. . . Count 4 . . .

1) That between October 2, 1991 and November 2, 1991, and on an occasion other than any found to support Counts 2 and/or 3, the defendant had sexual contact with a minor female;

It is clear from the instructions that an individual juror could not rely on the same contact to support more than one count. However, Mr. Holland argues "some jurors may have relied on one act or incident and some another, resulting in a lack of unanimity on all of the elements necessary for a valid conviction." *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988).

Kitchen relies on the rule announced in *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984) that when there is only one charge of criminal conduct and there is evidence of several distinct acts which could support the charge, the State

must either rely on one particular act or the jury must be instructed it must be unanimous as to which act supports the charge. *Petrich*, at 572. The situation is similar here: while Mr. Holland was charged with only three counts of first degree child molestation, there was evidence he had touched the victim "more than three times".

As Division Two of this court points out in *State v. Ellis*, 71 Wn. App. 400, 404, 859 P.2d 632 (1993), there are cases where the *Petrich* instruction was not given, yet the idea of jury unanimity was not violated. One of those cases is *State v. Noltie*, 116 Wn.2d 831, 843, 809 P.2d 190 (1991) in which the jury was instructed:

> Evidence has been introduced of alleged multiple acts of sexual intercourse between [M] and the defendant.
>
> Although the twelve of you need not agree that all of the acts have been proved, to convict the defendant of Count I or Count II you must unanimously agree that at least one separate act of sexual intercourse pertaining to each count has been proved beyond a reasonable doubt.

As the *Ellis* court noted, the instruction did not tell the jurors they must agree on the same underlying act for each count; it allowed conviction if each juror found one act per count proved beyond a reasonable doubt. *Ellis*, at 405. The court noted further, that in holding the instruction adequate, the Supreme Court "must have thought that the instruction adequately communicated to the ordinary juror the idea that each juror must agree on the same underlying act." *Ellis*, at 405.

Here, in addition to instruction 8, previously set forth, the jurors were instructed they must consider each count "as if it were a separate trial", that their verdict on one count should not control their verdict on another count, and that they must unanimously agree on a verdict for each of the counts. As in *Noltie*, there was no instruction requiring the members of the jury to unanimously agree on the same underlying act for each count. The instructions given adequately informed the jurors that they must agree on the same underlying act for each count. They conveyed the same message as is contained in an unanimity instruction. Mr.

Holland's right to a unanimous jury verdict has not been violated.

I would affirm the two convictions of first degree child molestation.

Review denied at 127 Wn.2d 1008 (1995).