148 P.3d 1112 (2006)
STATE of Washington, Respondent,
v.
Jermaine Devon WATKINS, Appellant.
No. 56507-9-I.
Court of Appeals of Washington, Division 1.
December 18, 2006.
*1113 Christopher Gibson, Nielsen Broman & Koch PLLC, Seattle, Valerie Marushige, Attorney at Law, Des Moines, Counsel for Appellants.
Scott Frederick Leist, King County Prosecuting Atty Office, Seattle, Counsel for Respondents.

PUBLISHED IN PART
COX, J.
¶ 1 Jury instructions must more than adequately convey the law. They must make the relevant legal standard "manifestly apparent to the average juror."[1] Here, the unanimity instruction given to the jury arguably does not meet this standard. But we are bound by precedent from the supreme court that expressly approves the unanimity instruction given in this case. Accordingly, we must reject the argument of Jermaine Watkins that the instruction in this case failed to protect his constitutional right to a unanimous jury. There being no other basis to reverse, we affirm the judgment and sentence.
¶ 2 In 1994, Jermaine Watkins began dating Katina Harris. At the time, Harris had twin girls from a prior relationship, T.H. and A.H. They were two years old. Shortly after the couple began dating, Harris became pregnant with Watkins' son, and Watkins moved in with Harris and her two daughters. Watkins had three children with Harris, but they never married. Watkins acted as and considered himself to be the father of all five of Harris' children. T.H. and A.H. considered Watkins their father and referred to him as "daddy."
¶ 3 In May 2004, T.H. and A.H. told Harris that they were being sexually molested by Watkins. Harris reported the abuse, and Watkins was arrested. The arresting officers read Watkins his Miranda[2] rights. *1114 Watkins initially denied the allegations and then confessed to having oral sex with the girls every other month. Watkins was again advised of his rights, waived them, and gave a taped statement, confessing to having oral sex with T.H. and A.H. four times each and having sexual intercourse with A.H. once.
¶ 4 The State charged Watkins with four counts of Rape of a Child in the First Degree. Watkins moved to suppress his confession. The trial court found that Watkins' statements were admissible.
¶ 5 At trial, both T.H. and A.H. testified that Watkins repeatedly had oral sex with them and would touch their breasts and bottoms on multiple occasions. The court admitted into evidence Watkins' taped confession and allowed the State to play it for the jury. Watkins denied the allegations and argued that his confession was coerced and false. The State proposed and the court gave the unanimity instruction that is at issue in this case. The jury convicted Watkins as charged.
¶ 6 Watkins appeals.

UNANIMITY INSTRUCTION
¶ 7 Watkins argues the trial court denied him his constitutional right to a unanimous jury verdict by failing to give a proper unanimity instruction. Specifically, he claims that the unanimity instruction given in this case fails to make manifestly clear that the jury must be unanimous as to the act that serves as a basis for conviction. Because we are bound by express authority from the state supreme court that approves the instruction given in this case, we are compelled to disagree.
¶ 8 A defendant may be convicted only when a unanimous jury concludes that the criminal act charged in the information has been committed.[3] In multiple acts cases where several acts could form the basis of one count charged, either the State must elect the act on which it will rely for conviction, or the court must instruct the jury to agree unanimously, beyond a reasonable doubt, on a specific criminal act.[4]
¶ 9 In State v. LeFaber, the state supreme court stated that the standard for clarity in a jury instruction is higher than for a statute.[5] Courts may resolve ambiguous wording in a statute by utilizing rules of construction, but jurors lack such interpretative tools.[6] Accordingly, a jury instruction must be manifestly clear to the average juror.[7]
¶ 10 WPIC 4.25, a unanimity instruction, provides a pattern instruction that is designed to provide the constitutional protection addressed in Kitchen[8] and Petrich:[9]
There are allegations that the defendant committed acts of ____ on multiple occasions. To convict the defendant, one or more particular acts must be proved beyond a reasonable doubt and you must unanimously agree as to which act or acts have been proved beyond a reasonable doubt. You need not unanimously agree that all the acts have been proved beyond a reasonable doubt.
¶ 11 Here, the State proposed and the court gave a different unanimity instruction to which Watkins did not object. That instruction was based on State v. Noltie[10] and reads as follows:
There are allegations that the defendant committed multiple acts of Rape of a Child in the First Degree against T.H.. [sic] Although the twelve of you need not agree that all of the acts have been proved, to convict the defendant of Count I or Count II you must unanimously agree that at least one separate act of Rape of a Child *1115 in the First Degree pertaining to each count has been proved beyond a reasonable doubt.[11]
Substantially identical instructions were given for Counts III and IV, which involved acts against A.H.
¶ 12 The State argues that because Watkins failed to object to the proposed unanimity instruction, he waived his right to challenge the instruction on appeal. We disagree.
¶ 13 If a defendant fails to object at trial, an error may be raised for the first time on appeal if it "invades a fundamental right of the accused."[12] A unanimity instruction that does not adequately inform the jury of the applicable law violates a defendant's constitutional right to a unanimous jury verdict.[13]
¶ 14 The State does not contend that an arguably erroneous jury instruction fails to qualify as a manifest error affecting a constitutional right. We conclude that Watkins' claim properly falls within the jurisprudence that permits us to examine the claim although it is raised for the first time on appeal.[14]
¶ 15 Moving to the substance of the claim, Watkins argues that the unanimity instruction that the trial court gave does not make it manifestly clear that the jury must unanimously agree as to which particular act or acts have been proven beyond a reasonable doubt. He advances several reasons why we should disregard State v. Noltie, the supreme court case that expressly approved the unanimity instruction given in this case.
¶ 16 There, Noltie was convicted of one count of statutory rape and one count of indecent liberties.[15] On appeal, he claimed, among other things, that the information charging him was unconstitutional because it failed to specify which of several alternative means of statutory rape the State intended to prove at trial.[16]
¶ 17 In rejecting this argument, the supreme court held that the prosecution was not required to elect from among alternative means of committing a crime when it prepared a charging document. The court went further by stating that there was no violation of jury unanimity either. Specifically, the court quoted the instruction given in that case:
[T]o convict the defendant of Count I or Count II you must unanimously agree that at least one separate act of sexual intercourse pertaining to each count has been proved beyond a reasonable doubt.[[17]]
Thereafter, the court expressly stated that this instruction "complies with the mandate of State v. Petrich and State v. Kitchen. The defendant's right to a unanimous jury verdict was not violated."[18]
¶ 18 Here, the trial court gave the following instruction:
Although the twelve of you need not agree that all of the acts have been proved, to convict the defendant of Count I or Count II you must unanimously agree that at least one separate act of Rape of a Child in the First Degree pertaining to each count has been proved beyond a reasonable doubt.[19]
*1116 It is identical to the instruction given in Noltie. Watkins argues that this instruction fails to meet the standard in LeFaber that requires that the instruction must make the legal standard "manifestly clear to the average juror." More specifically, he argues that a plain reading of the instruction does not make clear that the jurors must unanimously agree on the same act or acts as the basis for conviction.
¶ 19 We agree that the instruction does not appear to adequately insure jury unanimity. Instructing the jury to unanimously agree on "at least one separate act" for each count arguably does not make it manifestly clear that the jury must agree on the same act for each count. All the jurors could agree that one separate act was committed without necessarily agreeing that the same act was the basis for conviction.
¶ 20 Watkins also argues that we should distinguish Noltie on the basis that its approval of the wording used in the instruction in this case is dicta and therefore not binding legal precedent. That may be. We also note that the argument that Watkins makes here was not made in Noltie.
¶ 21 Nevertheless, we believe the better practice in light of the supreme court's express approval of this instruction is for that court to address the issue. We are bound to follow supreme court precedent even if we may disagree with it.
¶ 22 We note that there are several cases, all of which are prior to LeFaber, that approve of jury instructions that arguably do not make manifestly clear to the average juror the correct legal standard. The State argues that these cases support affirming the trial court's use of the challenged instruction. But all of those cases have different wording than the text here. They are not very helpful in addressing the precise issue now before us.
¶ 23 In State v. Newman, a multiple acts case, the trial court instructed the jury that for each count, "[A]ll twelve jurors must agree that the same incident of sexual contact has been proved beyond a reasonable doubt."[20] This court held that the State was not required to elect the particular acts it relied upon for each count because the jury was given unanimity instructions that were substantially the same as the instruction approved in Noltie.[21]
¶ 24 In State v. Noel, the court instructed the jury that "you must unanimously agree that at least one particular act has been proved beyond a reasonable doubt."[22] This court grammatically analyzed the instruction stating that "[t]he phrase one particular act, in conjunction with the plural you, asks the jury as a whole to focus on a single act."[23] We decided that the ordinary reasonable juror would read the instruction to mean the jury must unanimously decide that the same act has been proved beyond a reasonable doubt.[24] This court noted that although the instruction is not misleading, there is still room for improvement.[25] The dissent stated that ordinary jurors are more likely to read the instruction as a whole, and when read as a whole it does not adequately instruct the jury that it must agree on the same underlying act.[26]
¶ 25 The trial court in State v. Ellis gave the same instruction given in State v. Noel.[27] Relying on Noltie and Noel, the court held that the unanimity instruction marginally but adequately insured jury unanimity on each count, although it failed to use the language from Petrich.[28] The court found that, as an ordinary juror would read the instruction, it *1117 communicates that each juror must agree that the same act has occurred.[29]
¶ 26 To summarize, although the instruction now before us arguably does not protect Watkins' right to a unanimous jury verdict, we conclude that we are compelled to follow the express dictates of State v. Noltie as to that instruction.
¶ 27 We affirm the judgment and sentence.
¶ 28 The remaining issues of this opinion are not of sufficient precedential value. Accordingly, pursuant to RCW 2.06.040, the remainder of this opinion shall not be published.
DWYER, J., BAKER, J., concur.
NOTES
[1] State v. LeFaber, 128 Wash.2d 896, 900, 913 P.2d 369 (1996).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] State v. Kitchen, 110 Wash.2d 403, 409, 756 P.2d 105 (1988).
[4] State v. Petrich, 101 Wash.2d 566, 572, 683 P.2d 173 (1984); State v. Noltie, 116 Wash.2d 831, 842-43, 809 P.2d 190 (1991).
[5] LeFaber, 128 Wash.2d at 902, 913 P.2d 369.
[6] Id.
[7] Id. at 900, 913 P.2d 369.
[8] 110 Wash.2d 403, 756 P.2d 105.
[9] 101 Wash.2d 566, 683 P.2d 173.
[10] 116 Wash.2d 831, 809 P.2d 190.
[11] Clerk's Papers at 34 (Instruction 14) (emphasis added).
[12] State v. Levy, 156 Wash.2d 709, 719, 132 P.3d 1076 (2006).
[13] Kitchen, 110 Wash.2d at 409, 756 P.2d 105 (a defendant has a constitutional right to a unanimous jury verdict); see Levy, 156 Wash.2d at 719, 132 P.3d 1076 (citing State v. Becker, 132 Wash.2d 54, 64, 935 P.2d 1321 (1997) (a reviewing court will "consider a claimed error in an instruction if giving such instruction invades a fundamental right of the accused."); State v. Lampshire, 74 Wash.2d 888, 892-93, 447 P.2d 727 (1968) (because a comment on the evidence invades a constitutional provision, failure to object does not foreclose raising the issue on appeal)).
[14] State v. Ellis, 71 Wash.App. 400, 404, 859 P.2d 632 (1993); RAP 2.5(a)(3).
[15] Noltie, 116 Wash.2d at 833, 809 P.2d 190.
[16] Id. at 841, 809 P.2d 190.
[17] Id. at 843, 809 P.2d 190 (emphasis added).
[18] Id. (citations omitted).
[19] Clerk's Papers at 34 (emphasis added).
[20] 63 Wash.App. 841, 846, 822 P.2d 308 (1992) (emphasis added).
[21] Id. at 850, 809 P.2d 190.
[22] 51 Wash.App. 436, 438, 753 P.2d 1017 (1988) (emphasis added).
[23] Id. at 440, 753 P.2d 1017.
[24] Id. at 440-41, 753 P.2d 1017.
[25] Id. at 441 n. 3, 753 P.2d 1017.
[26] Id. at 442, 753 P.2d 1017 (Winsor, J., dissenting).
[27] Ellis, 71 Wash.App. 400, 859 P.2d 632.
[28] Id. at 406, 859 P.2d 632.
[29] Id.