**FILED**
**February 23, 2016**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33104-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LAMEECE NICOLE DILLSI, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Lameece Nicole Dillsi appeals her conviction for one count of unlawful possession of a controlled substance, methamphetamine. She contends she received ineffective assistance of counsel and that the judgment and sentence needs correcting to include a provision that allows conversion of a fine to community service. Ms. Dillsi also argues that the trial court erred when it failed to provide the jury with a unanimity instruction. The State concedes error as to the latter contention. We accept the State's concession and reverse and remand for a new trial.

FACTS

Ms. Dillsi was convicted of one count of possession of controlled substances after a jury trial. The facts presented by the State included two baggies of methamphetamine found on Ms. Dillsi's bathroom counter and a glass pipe with methamphetamine residue

that had been found in a purse located in Ms. Dillsi's Jeep. At trial, the State argued that the jury could convict Ms. Dillsi based on the drugs in the bathroom as well as the methamphetamine from the glass pipe in the purse. No unanimity instruction was given, requiring the jury to agree as to which specific drugs formed the basis of Ms. Dillsi's conviction.

## ANALYSIS

Under the Washington Constitution and United States Constitution, a criminal defendant is entitled to a unanimous jury verdict rendered by an impartial jury. CONST. art. I, § 21; U.S. CONST. amend. VI. Thus, our Supreme Court had held that a criminal defendant may be convicted "only when a unanimous jury concludes that the criminal act charged in the information has been committed." *State v. Petrich*, 101 Wn.2d 566, 569, 683 P.2d 173 (1984), *overruled in part on other grounds by State v. Kitchen*, 110 Wn.2d 403, 406 n.1, 756 P.2d 105 (1988), *abrogated in part on other grounds by In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 316 P.3d 1007 (2014).

Ms. Dillsi did not propose a *Petrich* instruction at trial or object to the court's instruction; however, "the right to a unanimous verdict is a fundamental constitutional right and may, therefore, be raised for the first time on appeal." *State v. Holland*, 77 Wn. App. 420, 424, 891 P.2d 49 (1995). The State concedes that the court's failure to provide

2

No. 33104-1-III
*State v. Dillsi*

a *Petrich* instruction constitutes prejudicial error. We accept the concession. Accordingly, we reverse and remand for a new trial without reaching Ms. Dillsi's other claims of error.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

3