[No. 4984.  Decided March 1, 1905.]

CHARLES W. CARSON, *Appellant*, v. THE OLD NATIONAL
BANK, *Respondent*.[1]

INSTRUCTIONS—CLEARNESS—REASONABLY DEFINITE.  Error cannot be predicated upon instructions in that they were not simple, direct and clear upon the principal issue, where there were various issues requiring instruction, and they were reasonably clear and definite and not misleading to the ordinary mind, although not the most simple and direct that might be given.

BANKS—POWER TO SELL NOTE—AUTHORITY OF CASHIER—EVIDENCE—GROUND OF OBJECTION—MATERIALITY.  It is not prejudicial error to sustain an objection to oral evidence of the authority of a bank cashier to sell a note of the bank, as not being the best evidence, as it is immaterial in any event, the bank having authority to sell a negotiable note regardless of such authority.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered November 3, 1903, upon the verdict of a jury rendered in favor of the defendant, after a trial on the merits, in an action for conversion. Affirmed.

*Thayer & Belt,* for appellant.

*Foster & Wakefield,* for respondent.

MOUNT, C. J.—On December 22, 1896, appellant borrowed $250 from respondent and gave his negotiable promissory note therefor, due sixty days after date. At the same time, and as collateral security for the payment of the note, appellant deposited with respondent twenty-three shares of stock of the Spokane Falls Gas Light Company. After the note became due, respondent repeatedly demanded payment, but appellant neglected to pay the same or any part thereof. On July 16, 1903, appellant ten-

[1]Reported in 79 Pac. 927.

dered to the bank the amount due on the note, and demanded a return of the stock; whereupon he was informed that the bank had long since sold the note, and transferred the stock along with the note. Appellant thereupon brought this action, alleging the giving of the note and security as above stated, and also alleging a tender, on July 16, 1903, of the amount due on the note, and a demand for the gas stock, and that the respondent refused to deliver the same to appellant. It was further alleged that the value of the stock at the last named date was $4,600. The prayer is for that sum, less the amount due on the note.

Respondent answered the complaint, and admitted the making of the note and the collateral security, and set out a copy of the note; admitted the tender, but denied the value of the collateral security to be more than $250. As an affirmative defense, the answer alleged the insolvency of the appellant at the time the note became due; that respondent demanded payment of the note; that appellant refused to pay the same; that thereupon respondent sold the note to one Aldrich for the amount due thereon; and also alleged a transfer of the note and security to said Aldrich. Appellant for reply denied the affirmative defense. The cause was thereafter tried to the court and a jury, and a verdict was returned in favor of the respondent.

Appellant assigns many errors upon the instructions given by the court to the jury. Except technical objections, which are not necessary to be passed upon, appellant's main argument is that the issue was simply whether or not the bank had sold the note and transferred the security to Aldrich, and that the instructions of the court were not simple, direct, and clear upon this point. It is true that the dispute as to the sale of the note was the most important issue in the case, but there were other issues.

The form of the note set out in the affirmative answer was denied by the pleadings, and was disputed by the appellant in the evidence. A question of notice to the appellant was also raised in the evidence, and the value of the securities was questioned. The court instructed upon all these points, as it was its duty to do. Without setting out the instructions here, we think it is sufficient to say that they were reasonably clear and definite, and that there was no error in this respect. It is not required that judges shall give instructions which are the most simple and direct that may be given in a case. If the instructions are such as are readily understood, and not misleading to the ordinary mind, they are sufficient. The ones given in this case are clearly within this rule.

Appellant further complains because the court sustained objections to questions propounded upon cross-examination of respondent's witness Vincent, who was cashier of respondent bank. Some of these questions were as follows: "Did you have any authority to sell notes for the bank?" "What was it Mr. Glidden had authority to do that you did not have authority to do?" Objections were made to these, and other questions of similar import, upon the ground that it was not the best evidence. If it is conceded that this was not a proper ground upon which to sustain the objections, the court was clearly right in excluding the evidence, because it was entirely immaterial. The note was negotiable, and therefore the bank had a perfect right to sell it without regard to the authority of the officers. The error, if it was error, was harmless.

There is no error in the record. The judgment is affirmed.

HADLEY, FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.