[No. 39221.   Department Two.   April 4, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM JERRY DANA, *Appellant*.*

*Patrick M. Steele*, for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Joseph D. Mladinov*, and *Eugene G. Olson*, for respondent.

WALTERSKIRCHEN, J.†—This is an appeal from the judgment and sentence following a verdict of guilty of the crime of burglary in the second degree. Appellant testified that he was 23 years of age and had been using drugs and barbituates for kicks before he was 19, and since, has been using heroin, morphine, dilaudid, desbutal, valium, darvon, doriden, deprol, demerol, seconal, and sodium nembutal;

*Reported in 439 P.2d 403.

†Judge Walterskirchen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

that as a result of using such drugs "You see things, or you black out, and you do things without knowing that you did them"; that, at the time of the burglary, he was "shooting wyamine, desbutal, and a little demerol and things of that nature, codeine"; and that he was totally without knowledge or recollection of the burglary.

At the close of the evidence, appellant requested the court to instruct the jury as follows:

> You are instructed that if a person is sufficiently under the influence or affected by the use of drugs, so as to prevent him from forming an intent to commit an offense, it is a defense in all cases where intent is a necessary element to the crime charged.

Instead, the court gave the following instruction, No. 11-A:

> No act committed by a person while in a state of voluntary intoxication, whether produced by liquor or by drugs, shall be deemed less criminal by reason of his condition, but whenever the existence of any particular purpose, motive or intent is a necessary element to constitute a particular kind of degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent.

In addition, the court gave instruction No. 12:

> If you find from the evidence beyond a reasonable doubt all of the following alleged facts, to-wit:
>
> 1. That the defendant, William Jerry Dana, did break and enter the dwelling house of George W. Addison, 5609 South Lawrence, wherein was kept property for use, sale or deposit, with *intent* to commit some crime therein, and
>
> 2. That such act was committed on or about the 6th day of June, 1966, in Pierce County, Washington;
>
> Then you shall find the defendant, William Jerry Dana, guilty of Burglary in the Second Degree as charged in the information. (Italics ours.)

Plaintiff's only assignment of error is:

> The learned Court below erred in rejecting the proposed Instruction and caused the defendant prejudice in the Instruction given because the Instruction given refers to a state of voluntary intoxication and the fact of his intoxication because there was nothing in evidence con-

cerning liquor or intoxication; that such reference in the Instruction given could cause nothing but prejudice and was beyond and outside the testimony and evidence in the case.

The thrust of appellant's argument as he stated it was:

The evidence in the case of Dana concerns itself not at all with liquor or the use of liquor, or voluntary intoxication, nor "the fact of his intoxication." The evidence simply relates to the use by Dana of a variety of pharmaceutical compounds, whether he called them drugs or narcotics or whatever, but which within the statute quoted would be covered by drugs.

In short, appellant contends that the instruction given was confusing and failed to state his theory of the case.

The term "intoxication" is defined by Merriam-Webster Third International Dictionary (1963) as "1 : poisoning or the abnormal state induced by a chemical agent (as a drug, serum, toxin) . . . 2 a : the quality or state of being drunk : inebriation." It also defines "intoxicate" as "1 : poison 2 a : to excite or stupefy by alcoholic drinks or a narcotic, esp. to the point where physical and mental control is markedly diminished. . . ." The Oxford English Dictionary defines "intoxication" as "2. The action of rendering stupid, insensible, or disordered in intellect, with a drug or alcoholic liquor; the making drunk or inebriated; the condition of being so stupefied or disordered." Webster's New Twentieth Century Dictionary, Second Edition, defines an intoxicant as "something that intoxicates; specifically (a) a drug that intoxicates; (b) alcoholic liquor." And, in *People v. Bevilacqua,* 12 Misc. 2d 558, 568, 170 N.Y.S.2d 423, 433 (1958), *rev'd per curiam,* 5 N.Y.2d 867, 155 N.E.2d 865 (1958):

[A] man is intoxicated when there is an impairment of his capacity to think and act correctly and when he has lost, even in part, the control of his physical and mental faculties.

■ It is clear that the term "intoxication" refers to an impaired mental and bodily condition which may be produced either by alcohol, which is a drug, or by any other drug.

The statutes of the state of Washington with respect to the mental condition of a person charged with a crime when such condition is a result of the voluntary act of the person charged, are RCW 10.76.010 and RCW 9.01.114. The pertinent portion of the first statute reads:

No condition of mind induced by the voluntary act of a person charged with a crime shall be deemed mental irresponsibility within the meaning of this chapter.[1]

RCW 9.01.114 reads:

No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent.[2]

■ While each party is entitled to have his theory of the case set forth in the court's instructions, it is axiomatic that the trial court has considerable discretion in how the instructions will be worded. *Roberts v. Goerig*, 68 Wn.2d 442, 413 P.2d 626 (1966). It is also axiomatic that the instructions must be read as a whole. *Roberts v. Goerig, supra.* Instructions Nos. 11-A and 12, read together, clearly informed the jury that the state had the burden of proving that appellant had the necessary intent to commit the crime charged, and that any absence of such intent constituted a defense.

---

[1]Both in his brief and in oral argument, appellant's counsel brought to the court's attention the fact that Mr. Dana had requested that the case of *United States v. Freeman,* 357 F.2d 606 (2d Cir. 1966), which discussed mental irresponsibility, be argued on his behalf. We have considered Mr. Dana's contention in this regard and find it to be without merit. See, also, *People v. Arriola,* 164 Cal. App. 2d 430, 330 P.2d 683 (1958).

[2]California Penal Code, § 22, nearly identical to RCW 9.01.114, has been held to include intoxication due to use of drugs. See *People v. Baker,* 42 Cal. 2d 550, 268 P.2d 705, 719 (1954); *People v. Lim Dum Dong,* 26 Cal. App. 2d 135, 78 P.2d 1026 (1938); *People v. Sameniego,* 118 Cal. App. 165, 4 P.2d 809, 5 P.2d 653 (1931).

▉ If instructions are such as are readily understood and not misleading to the ordinary mind, they are sufficient. *Carson v. Old Nat'l Bank,* 37 Wash. 279, 79 Pac. 927 (1905). While under the facts of this particular case the court's instruction may not have been ideal, nevertheless, it satisfied the above test for clarity.

▉ The test of the sufficiency of instructions given on the theory of the case has been held to be whether, from the instructions given, counsel may satisfactorily argue his theory of the case to the jury. *Smith v. McDaniel,* 53 Wn.2d 604, 610, 335 P.2d 582 (1959); *Short v. Hoge,* 58 Wn.2d 50, 56, 360 P.2d 565 (1961).

The court's instructions afforded counsel ample opportunity to present his theory to the jury. Finding no error, the judgment of the trial court is affirmed. Inasmuch as the state brief was not filed on time, it shall be denied cost. ROA 41 (2).

FINLEY, C. J., HUNTER, HAMILTON, and HALE, JJ., concur.