[No. 5681-6-I.   Division One.   July 14, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. MELVIN DALE VAN ZANTE, *Appellant.*

*Gilbert H. Levy,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Philip Y. Killien, Senior Deputy,* for respondent.

JAMES, J.—Defendant, Melvin Van Zante, was convicted at jury trial of first-degree murder, RCW 9A.32.030(1)(a), and first-degree assault, RCW 9A.36.010(1)(a). He appeals the murder conviction. We affirm.

Van Zante and the deceased, Kathy Van Zante, were divorced in 1975 after a tumultuous, 14-year marriage. The Van Zantes continued to see each other after the divorce.

Prior to the divorce, Mrs. Van Zante began an extramarital relationship with James Pirsch. There was considerable

animosity between Van Zante and Pirsch which continued after the divorce. In 1976 after a tavern argument, Van Zante fired a rifle at Pirsch. As a result, he pleaded guilty to second–degree assault and was on probation at the time of the murder.

Shortly before her death, Mrs. Van Zante asked Van Zante to obtain a loan for her, which he did. She told him that she was terminating her relationship with Pirsch, and she implied that she and Van Zante could get back together again.

The evening of the murder, Van Zante planned to have supper with Mrs. Van Zante at her apartment. At the last moment, she called him to cancel their date, saying that she was unable to arrange child care for their two children. Later that evening, Van Zante drove by Mrs. Van Zante's apartment and noticed Pirsch's car parked outside. He stopped, and while observing Pirsch and Mrs. Van Zante through a window, witnessed sexual relations and other intimate behavior. After viewing the couple's activities for over an hour, Van Zante got a rifle from his parked pickup truck, fired two shots through the window, and fatally wounded Mrs. Van Zante.

At trial, Van Zante pleaded not guilty by reason of insanity. The jury was instructed on first–degree murder, second–degree murder, and first–degree manslaughter, as well as on the defense of insanity and diminished capacity.

Van Zante's sole contention on appeal is that he was denied effective assistance of counsel. He argues that the evidence justified an instruction on the "rule of provocation" and that the failure to request such an instruction deprived him of a fair trial. Van Zante asserts that "[t]he continued vitality of the defense of provocation [to a charge of homicide] was recognized" in *State v. Frederick,* 20 Wn. App. 175, 579 P.2d 390 (1978).

Although *Frederick* at page 182 alludes to the "rule of provocation" and holds at page 184 that the accused was not erroneously denied "an instruction on provocation," we

do not agree that an instruction on "provocation" is appropriate under Washington's statutory definition of homicide.

■ As is pointed out by R. Perkins, *Criminal Law*, ch. 2, § 1 (2d ed. 1969), at common law homicide was divided into only two crimes—murder and manslaughter. The defense of "provocation" reflected a recognition that because of the weaknesses of human nature, certain outrageous acts such as adultery could inflame the passions of an ordinarily reasonable man to such degree that although he knew what he was "doing at the time . . . for the moment his action [was] being directed by passion rather than by reason." R. Perkins, *Criminal Law*, ch. 2, § 1, at 66 (2d ed. 1969). But as Perkins cautions, "provocation" was a common-law defense and under most statutory schemes, "killing would be murder despite the heat of passion engendered by adequate provocation, unless the killing was unintended in the ordinary sense or was by one so inflamed by passion as not to know what he was doing." R. Perkins, *Criminal Law*, ch. 2, § 1, at 66 (2d ed. 1969).

In Washington, by statutory definition, an *intentional* homicide is either first- or second-degree murder. As stated in *Frederick* at page 182, "[i]t is clear that evidence of provocation will justify a second-degree murder instruction because it serves to negate premeditation." But we are satisfied that an instruction containing the "four requirements" of the "rule of provocation," *Frederick*, at 182, would constitute a comment on the evidence. In this case, the trial judge instructed on first-degree murder, second-degree murder, and first-degree manslaughter. Defense counsel was afforded a full opportunity to argue that when Van Zante discovered his ex-wife's continuing relationship with Pirsch shortly before the shooting, he was so overcome by the heat of passion that he neither premeditated nor intended his act.

■ Instructions are adequate if defense counsel may satisfactorily argue his theory of the case. *State v. Dana*, 73 Wn.2d 533, 439 P.2d 403 (1968). Jury instructions should do no more than provide "the basic and essential elements

742

of the legal rules necessary for a jury to reach a verdict." *Laudermilk v. Carpenter,* 78 Wn.2d 92, 100, 457 P.2d 1004 (1969).

The failure of trial counsel to request an instruction on "provocation" did not deny Van Zante effective representation.

Affirmed.

DORE and DURHAM–DIVELBISS, JJ., concur.

Reconsideration denied August 8, 1980.

Review denied by Supreme Court October 24, 1980.