[No. 46093-5-I.   Division One.   November 13, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFF ANTHONY MANGAN, *Appellant*.

*John E. Gibson* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*James H. Krider, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

ELLINGTON, J. — To be an accomplice, one must act with knowledge those acts will promote or facilitate the principal crime. The jury here was so instructed. Even if the instruction contained an error, there was only one possible crime to which Cliff Mangan was an accomplice, that with which he was charged, and of which he was convicted. Any error was therefore harmless. We reject Mangan's arguments that the prosecutor committed misconduct, and therefore affirm.

## FACTS

Cliff Mangan and three companions were in Mangan's car in a parking lot. As Mangan left the lot and turned onto the street, a police officer stopped him for expired tags and failure to use a turn signal. The officer smelled a strong odor of marijuana. Saying that someone in the back seat had marijuana, Mangan gave consent to a search of the car. Behind Mangan's seat, police found a backpack containing approximately 250 grams of marijuana packaged in small amounts. Under Mangan's seat was a gun and a notebook

in Mangan's handwriting containing what appeared to be records of drug transactions. Police found $100 in cash on Mangan's person. One of Mangan's passengers, Jeff Debartolo, who was sitting behind Mangan, was carrying $2,500 in cash. Another passenger, Todd Hansen, had marijuana on his person.

Mangan was charged with possession of a controlled substance with intent to deliver, while armed with a firearm. At trial, Mangan testified that he and his friend Jesse Sanders had picked up Debartolo, a known drug dealer, and Debartolo's companion Hansen, in order to purchase some marijuana. Mangan testified that the gun and backpack belonged to Debartolo, that he knew there was marijuana in the backpack, and that he drove out of the parking lot so they would not be caught with the marijuana. He admitted the notebook was his, but testified he used it to record prices of small amounts he might purchase for personal use.

The State proceeded upon alternate theories of principal and accomplice liability. The jury convicted Mangan as charged. The verdict form did not require the jury to specify whether they found him guilty as an accomplice or a principal.

## DISCUSSION

### Jury Instruction: Accomplice Liability

Mangan challenges the accomplice liability instruction, contending it relieved the State of its burden to prove all the elements of the crime.[1] Several recent decisions have considered whether Washington's pattern jury

---

[1] The State contends we should not review this issue because it was not properly preserved. At trial, Mangan's objection to the accomplice liability instruction was that the instruction would, in general, confuse the jury. But a party may assert error for the first time on appeal if it is a manifest error affecting a constitutional right. RAP 2.5(a)(3). "An error is manifest when it has practical and identifiable consequences in the trial of the case." *State v. Stein*, 144 Wn.2d 236, 240, 27 P.3d 184 (2001). Such is the case where a jury instruction fails to instruct on an element of the crime, because the State is relieved of its burden to prove every element of the crime beyond a reasonable doubt, and the error has affected the defendant's constitutional right to a fair trial. *Stein*, 144 Wn.2d at 241. We

instruction on accomplice liability, WPIC 10.51, correctly applies Washington's statute on accomplice liability, and held it does not. *See State v. Stein*, 144 Wn.2d 236, 241, 27 P.3d 184 (2001); *State v. Cronin*, 142 Wn.2d 568, 578, 14 P.3d 752 (2000); *State v. Roberts*, 142 Wn.2d 471, 508, 14 P.3d 713 (2000). The pattern instruction allows a person to be found guilty as an accomplice to the crime charged if the person had knowledge of *any* crime committed by the principal,[2] whereas the statute requires that the accomplice act with knowledge of the crime charged.[3] The court disapproved the pattern instruction as inconsistent with the statute. In *Stein*, the court described its holdings in *Roberts* and *Cronin* thusly:

> [T]he use of the phrase "a crime" in jury instructions instead of "the crime," as used in the statute, impermissibly establishes strict liability for any crime committed by the principal, contrary to legislative intent. . . . [T]he jury instructions [were] legally defective because each allowed the jury to convict the defendant if he had general knowledge of *any* crime rather than requiring knowledge of *the crime charged*. Clearly then, under this court's holdings in *Roberts* and *Cronin*, the accomplice liability statute . . . requires knowledge of "the" specific

---

therefore review the instruction without considering whether Mangan properly preserved the issue below.

[2] The Washington pattern jury instruction for accomplice liability states:

A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of *a crime*, he or she either:

(1) solicits, commands, encourages, or requests another person to commit *the crime*; or

(2) aids or agrees to aid another person in planning or committing *a crime*.

11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.51, at 157 (2d ed. 1994) (emphasis added).

[3] The accomplice liability statute provides:

A person is an accomplice of another person in the commission of a crime if:

(a) With knowledge that it will promote or facilitate the commission of *the crime*, he

(i) solicits, commands, encourages, or requests such other person to commit *it*; or

(ii) aids or agrees to aid such other person in planning or committing *it*[.]

RCW 9A.08.020(3) (emphasis added).

crime, and not merely any foreseeable crime committed as a result of the complicity.

*Stein,* 144 Wn.2d at 245-46 (citations omitted).

The accomplice instruction given to Mangan's jury was not exactly the same as the standard pattern instruction.[4] The jury was instructed in relevant part as follows:

> A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of *the crime,* he or she either:
>
> (1) solicits, commands, encourages, or requests another person to commit *the crime;* or
>
> (2) aids or agrees to aid another person in planning or committing *a crime.*

Clerk's Papers at 185 (emphasis added).

This instruction correctly required knowledge of the crime charged. Mangan argues however, that "aids or agrees to aid another person in planning or committing *a crime*" relieves the State of its burden because it "overlooks the required link between the crime the accomplice promoted or facilitated, and the crime to which he is alleged to be an accomplice." Appellant's Br. at 18.

The language does not have the effect Mangan asserts. An accomplice must know both the general nature of the principal's crime, and that his or her actions will promote or facilitate that crime. *See Stein,* 144 Wn.2d at 246. This requirement is clearly stated in Mangan's instruction. The indefinite article used in "aids or agrees to aid . . . in planning or committing *a crime*" creates no uncertainty, because the defendant's knowledge must still be knowledge of *the crime charged.*

Even if the defendant aids or agrees to aid in planning *a* (different) *crime* with knowledge it will facilitate *the crime,* he is an accomplice to *the crime;* one who aids in robbing a bank in order to finance an assault on the World Trade

---

[4] Mangan's instruction presents the reverse of the situation in *Roberts.* There, the instruction used the indefinite article "a crime" when referencing the defendant's knowledge, and the definite article "the crime" when referencing the defendant's acts.

Center aids in committing the assault, so long as the accomplice has knowledge that his robbery will assist the assault. The key is the defendant's knowledge of the general nature of the crime for which accomplice liability is sought, and that his acts will promote or facilitate that crime. Mangan's jury was properly instructed on the knowledge requirement.

■■ Clearly, the better practice is to instruct using the language of the statute, to avoid any potential confusion. But assuming the "aids or agrees to aid" paragraph was erroneous,[5] the error was nevertheless harmless here. *See Stein*, 144 Wn.2d at 246 (instructional error presumed prejudicial unless shown to be harmless). The accomplice instruction required the jury to find that Mangan knew his actions would promote or facilitate the crime of possession with intent to deliver. Unlike the situations in *Roberts, Cronin* and *Stein*, there was no other possibility; there was nothing to suggest Debartolo (or anyone else) had committed some other crime of which Mangan was possibly unaware.

Mangan insists that because he admitted he planned to buy marijuana, the jury could have convicted him of assisting Debartolo in attempting to commit the crime of delivery to him. This argument ignores the court's explicit instruction that a person who purchases or attempts to purchase drugs is not an accomplice to the crime of possession with intent to deliver.[6] We presume juries follow all the instructions, *see Stein*, 144 Wn.2d at 247, so Mangan could not have been convicted of being an accomplice to his own intended purchase.

At Mangan's request, the court instructed the jury on the

---

[5] *See Stein*, 144 Wn.2d at 245 ("use of the phrase 'a crime' in jury instructions instead of 'the crime,' as used in the statute, impermissibly establishes strict liability"). In RCW 9A.08.020(3)(a)(ii) ("aids or agrees to aid such other person in planning or committing it"), the word "it" clearly refers to "the crime."

[6] Instruction 20 stated: "A person does not act as an accomplice to or aid or facilitate the crime of Possession of Marijuana with Intent to Deliver simply by the act of purchasing or attempting to purchase marijuana from another person." Clerk's Papers at 186. *See State v. Morris*, 77 Wn. App. 948, 954-55, 896 P.2d 81 (1995) (purchaser of drugs not an accomplice of seller).

lesser included offense of attempted possession of marijuana. Obviously the jury rejected this theory. The jury's remaining alternatives were to find Mangan not guilty, or to find him to be either a principal or an accomplice in the only other crime the evidence supported: possession with intent to deliver.

There is only one possible crime to which accomplice liability could attach, and that is the crime with which Mangan was charged and of which he was convicted. Any flaw in the instruction was therefore harmless.

Affirmed.

The remainder of this opinion has no precedential value and will be filed for public record in accordance with RCW 2.06.040.

AGID, C.J., and KENNEDY, J., concur.