[No. 47988-1-I. Division One. March 4, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. SARA JAMAR MALVERN, *Appellant*.

*Nielsen, Broman & Koch, P.L.L.C.*, for appellant.
*James H. Krider, Prosecuting Attorney*, for respondent.

PER CURIAM — Sara Malvern appeals her conviction for bail jumping, arguing that the court's "to convict" instruction misstated the elements of that crime. We disagree and affirm.

## FACTS

Based on evidence discovered during a traffic stop and search incident to arrest, the State charged Malvern with possession of methamphetamine. At arraignment, the superior court entered an order of pretrial release. Malvern signed a document that set the omnibus hearing for February 25th and stated that "[t]he defendant must appear."

The parties agreed to continue the omnibus hearing to March 3rd. When Malvern did not appear on that date, the court issued a bench warrant. The State subsequently amended the information to add charges for possession of marijuana and bail jumping. A jury acquitted Malvern on the marijuana count but convicted her of bail jumping and possessing methamphetamine.

## DECISION

■ For the first time on appeal, Malvern contends the "to convict" instruction misstated the elements of bail jumping and thereby relieved the State of its burden of proof. The State responds that the issue cannot be raised for the first time on appeal, and that the instruction was not defective in any event. We conclude that even if the error can be raised for the first time on appeal,[1] the instruction adequately conveyed the elements of the offense.

■ ■ A "to convict" instruction must contain all of the essential elements of the charged crime.[2] The elements of bail jumping are that the defendant: (1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and (3) know-

---

[1] This type of error can generally be raised for the first time on appeal. *See State v. Stein*, 144 Wn.2d 236, 241, 27 P.3d 184 (2001) (if instructions can be construed as failing to instruct on an element of the offense, they may be challenged for the first time on appeal); *State v. Mangan*, 109 Wn. App. 73, 76 n.1, 34 P.3d 254 (2001).

[2] *State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997); *State v. Pope*, 100 Wn. App. 624, 629, 999 P.2d 51, *review denied*, 141 Wn.2d 1018 (2000).

ingly failed to appear as required.[3] The statute also "implies a nexus between the crime for which the defendant was held, charged, or convicted and the later personal appearance."[4] The "to convict" instruction in this case required the jury to find in part:

> (1) That on or about the 3rd day of March, 2000, the defendant knowingly failed to appear as required before a court;
>
> (2) That the defendant was charged with Possession of a Controlled Substance, to wit, Methamphetamine;
>
> (3) That the defendant had been released by court order or admitted to bail with the requirement of a subsequent personal appearance before that court[.]

Malvern contends the instruction is flawed because the jury was not required to find that the possession charge preceded the failure to appear, and that she failed to appear on that charge. Although the instruction is not ideally worded, it is sufficient.

■ Jury instructions are sufficient if they "are readily understood and not misleading to the ordinary mind."[5] In this case, the first element in the "to convict" instruction required a finding that Malvern failed to appear on a certain date. The second and third elements required findings regarding Malvern's status on that date. Although the instruction could perhaps be a bit clearer if the elements were set forth chronologically, it contained the required and necessary elements for the crime of bail jumping and is not misleading. The conviction is affirmed.

Affirmed.

---

[3] RCW 9A.76.170; *Pope*, 100 Wn. App. at 627.

[4] *Pope*, 100 Wn. App. at 627.

[5] *State v. Dana*, 73 Wn.2d 533, 537, 439 P.2d 403 (1968); *State v. Noel*, 51 Wn. App. 436, 439-40, 753 P.2d 1017 (1988); *State v. Ellis*, 71 Wn. App. 400, 859 P.2d 632 (1993).