**FILED**
**SEPTEMBER 10, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CLINESMITH CATTLE COMPANY, INC., a Washington corporation; CALF CREEK CATTLE COMPANY, INC., a Washington corporation; J.W. HARDER LIVESTOCK, INC., a Washington corporation, a J.J.H. LIVESTOCK, INC., a Washington corporation partners of HARDER RANCHES, a Washington general partnership; HERBERT and DOROTHY KENT, husband and wife; GLADYS KENT, TRUSTEE OF ALFRED R. KENT FAMILY TRUST; ALFRED J. OCHOA a married man dealing as his separate property; and BAR U RANCH CO., a Washington corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 32314-5-III |
| Appellants, | ) ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| KINCH FARMS, INC., a Washington corporation, | ) ) ) ) | |
| Respondent. | ) | |

KORSMO, J. — Appellants' property was damaged after a fire intentionally set by respondent Kinch Farms (Kinch) flared back to life and spread to adjacent properties. A jury, however, rejected their claims for damages. We affirm.

FACTS

The fire in question was set on August 10, 2009, when Kinch conducted a controlled burn of one of its crop circles, "Circle 6", to manage disease and crop stubble. Kinch Farms is operated by experienced farmers Rod Kinch, Joe Kinch, and A.J. Miller. Kinch obtained a seasonal permit from the state Department of Ecology (DOE) that was good on specific "burn days." Kinch confirmed that August 10th was a "burn day" before starting the fire.

Prior to setting the fire, Kinch created a fire break around Circle 6 by eliminating combustible material. It also stationed a tractor and disc for creating fire breaks and a 1,000 gallon capacity water truck near the operation. Despite these precautions, the fire spread to one of Kinch's adjoining circles and onto a neighbor's field at 4:00 p.m. that day. Kinch called the fire department and then used their own equipment to contain the fire. By the time the fire department arrived, the fire was mostly out. Around 7:00 p.m. that night, the fire chief determined that the fire was sufficiently extinguished.

After the fire department left the scene, Mr. Miller and Joe Kinch poured additional water on the concerning spots for two hours before leaving for the night at 9:00 p.m. Mr. Miller continued to watch the burn area from his house throughout the night. The next morning, Mr. Miller and Rod Kinch both individually drove by the burn area to be sure there was nothing of concern; the manager of one of the neighboring

2

properties also inspected the burn area. The fire chief returned to the burn area. He saw nothing of concern and was satisfied that the fire was extinguished.

Around 1:00 p.m. that day Joe Kinch spotted smoke from his home. He contacted Mr. Miller who confirmed that the fire had rekindled on the neighboring field. After contacting the fire department, Mr. Miller and Joe Kinch returned to the fire site with their equipment. The winds were strong that afternoon and the fire went from smoldering to raging. The fire ultimately consumed 5,000 acres of the neighboring downwind crops, pastures, equipment, fences, gates and buildings.

Appellants, the damaged neighboring property owners (Neighbors), filed suit in the Adams County Superior Court. The matter ultimately proceeded to jury trial before the Honorable David Frazier. Various motions were argued prior to trial; the Neighbors attempted to exclude evidence flowing from the burn permit that they believed would misinform the jury of the legal standards of duty. In particular, they requested exclusion of the following:

> Argument and testimony contending that the burn permit absolves or relieves Defendant from responsibility for any "hazardous, dangerous or negligent activities associated with the burn."

Clerk's Papers (CP) at 303; Report of Proceedings (RP) (Sept. 26, 2013) at 23.

The trial court denied the motion, but noted that "argument to the effect that it absolves or relieves the defendant of responsibility" would not be proper. RP (Sept. 26, 2013) at 23. The Neighbors then sought to exclude:

3

> Argument and testimony that any actions of the volunteer fire
> department relieve Defendant of responsibility for any "hazardous,
> dangerous or negligent activities associated with the burn."

CP at 303; RP (Sept. 26, 2013) at 23.

The trial court also denied this motion, ruling that evidence concerning the fire department's involvement was admissible on the issue of whether Kinch exercised reasonable care. The trial court declined to rule on whether to exclude testimony and argument about any shift in duty or fault as a result of the fire department's activities.

In accordance with these rulings, testimony concerning the DOE permit and the fire department's involvement were admitted at trial. Without objection, Kinch used words like "jurisdiction," "authority," and "delegate," when questioning its witnesses. For instance, the fire chief was allowed to testify that the fire department had the sole "jurisdiction" to set up a fire watch. He further explained when the fire department is called out "the fire chief now pretty much has control of their ground, and it's his call on what needs to be done with the situation at hand." Concerning the DOE permit, Fire Chief Brian Dainty testified that "DOE is God," explaining that when the DOE authorizes a "burn day," farmers take advantage of it because "[t]hey're the experts."

Although not objecting to the testimony, the Neighbors then requested a curative jury instruction based on 6 *Washington Practice: Washington Pattern Jury Instructions: Civil* 12.09, at 161 (6th ed. 2012) (WPI) (Nondelegable Duties):

4

> Defendant is not relieved of its duty to kindle and care for a controlled burn upon its property and to prevent it from rekindling at such time and in such manner as would a prudent, careful person, to prevent it from spreading and doing damage to other person's property by delegating or seeking to delegate that duty to another person or entity.

CP at 470.

The trial court declined to give the instruction because vicarious liability was not at issue in the case. RP (Oct. 15, 2013) at 109. The jury was given standard instructions on negligence. The jury returned a defense verdict, finding on the special verdict form that Kinch was not negligent.

Retaining new counsel, the Neighbors moved for a new trial. After the court denied that request, the Neighbors then timely appealed to this court.

ANALYSIS

The Neighbors raise the same challenges that they presented in their motion for a new trial, arguing that Kinch erroneously obtained legal opinion from their witnesses and that the court erred in not giving their requested instruction. We address the testimony issue before turning to the instructional challenge.

*Testimony and Motions in Limine*

The Neighbors contend that the trial court erred in denying the two noted motions in limine concerning the burn permit and the involvement of the fire department, leading to Kinch misusing the evidence. Because the trial court correctly determined that the

5

evidence was relevant, there was no error in admitting the testimony. The failure to object to any questioning also forecloses any claim that Kinch misused the evidence.

Since territorial times, Washington has recognized an action for negligent failure to contain a fire.[1] The statute currently provides:

> Except as provided in RCW 76.04.760, if any person shall for any lawful purpose kindle a fire upon his or her own land, he or she shall do it at such time and in such manner, and shall take such care of it to prevent it from spreading and doing damage to other persons' property, as a prudent and careful person would do, and if he or she fails so to do he or she shall be liable in an action on the case to any person suffering damage thereby to the full amount of such damage.

RCW 4.24.040.

Also addressing the issue, RCW 76.04.730 more modernly states: "It is unlawful for any person to negligently allow fire originating on the person's own property to spread to the property of another." The jury was instructed in the language of both of these statutes. CP at 726. The jury, accordingly, also was instructed on the requirements of a negligence action, including the duty of ordinary care. CP at 720, 722-23.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Subject to limitations imposed by other rules or constitutional principles, relevant evidence is admissible. ER 402. A trial judge's

---

[1] LAWS OF 1877, § 3, at 300.

6

decision to admit or exclude evidence under these provisions is reviewed for abuse of discretion. *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The Neighbors sought to exclude evidence that DOE had authorized field burning that day as well as the fact that the fire department had responded and eventually left the scene. This evidence was relevant to assessing the reasonableness of Kinch's behavior—it had checked with DOE before burning and it remained and watched the fire scene after the fire department had departed. This information allowed the jury to assess the reasonableness of Kinch's behavior in both setting the fire and then monitoring the scene after the fire had spread to other lands. These were tenable grounds to admit the evidence and, thus, deny the motions in limine. The trial court did not abuse its discretion.

The Neighbors also assert that Kinch went too far in its questioning of the witnesses, particularly the fire experts, and had them testify as to the law. This argument fails for several reasons. First, there was never any objection to this testimony, so the Neighbors cannot pursue any claim of error in this court. RAP 2.5(a). Second, since the court denied the motions in limine, none of the testimony could have violated the ruling. The trial court also expressly reserved further rulings as to the fire department's involvement, but was never asked to consider the testimony in light of that reservation. Finally, the jury was not instructed on any legal concepts such as delegation of duty that

7

might possibly have been implicated by the testimony. The fact that witnesses may use words that also double as legal concepts does not make that language improper. Without jury instructions addressing the legal issues, there would be no context for the jury to possibly misuse the testimony.

We also note that defense counsel did not exploit the failed motions in limine in closing argument.[2] Accordingly, there was no danger that the jury would misapply the now challenged testimony and consider a legal theory other than negligence.

The trial court did not err in its rulings in limine and the Neighbors have not preserved any claim of error related to the testimony they now seek to challenge.

*Proposed Instruction*

The Neighbors also contend that the trial court erred in rejecting their proposed curative instruction, based on WPI 12.09. The trial court correctly determined that the instruction was not applicable to the case.

Well settled law governs instructional challenges. Jury instructions are sufficient if they correctly state the law, are not misleading, and allow the parties to argue their

---

[2] One possible exception to this observation occurred when defense counsel argued that the fire department's departure from the scene without leaving a watch broke the proximate cause between Kinch's initial fire and the subsequent inferno. RP (Oct. 16, 2013) at 42. Plaintiff's counsel did not object, but in rebuttal nicely addressed the issue by pointing out that Kinch could only escape responsibility if the fire department's actions caused the subsequent losses. *Id.* at 46-47. Since the jury decided this case on the basis of negligence, not proximate cause, any error in making this argument was harmless. CP at 766-67.

respective theories of the case. *State v. Dana*, 73 Wn.2d 533, 536-537, 439 P.2d 403 (1968). The trial court also is granted broad discretion in determining the wording and number of jury instructions. *Petersen v. State*, 100 Wn.2d 421, 440, 671 P.2d 230 (1983).

The Neighbors do not contend that the court's instructions were misleading or otherwise incorrect. Instead, they contend that their requested instruction was necessary to cure the testimony of Kinch's witnesses. We disagree. The court did not instruct, and Kinch did not attempt to argue, that responsibility for the fire was somehow delegated to the fire department. The testimony acknowledged the simple truth of the situation—when the fire department was on the scene, it was in charge of the fire. There was never any claim, by testimony or argument or jury instruction, that the department's presence on the scene itself absolved Kinch of responsibility for the fire. And, if there had been, the solution was for the Neighbors to challenge the inappropriate testimony or argument in order to give the trial judge the immediate opportunity to correct any errors.

Rather, this case was tried according to the dictates of our statutory scheme. Was Kinch negligent in burning when it did and with the safety precautions it exercised, or did it act reasonably? The evidence allowed the jury to find for either side. Given that the fire escaped and did damage, a jury verdict for the plaintiffs would have been understandable. Similarly, the defense presented evidence that Kinch acted reasonably in burning when it did and acting as it did to attempt to control the situation. An

9

appropriately instructed jury of Adams County residents considered the case and determined that Kinch was not negligent. The delegation instruction sought by the Neighbors was not necessary to this case.

The trial court did not abuse its discretion in declining the proffered instruction. There was no error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

I CONCUR:

_____
Siddoway, C.J.

No. 32314-5-III

FEARING, J. (concurring) — We are bound by statute. RCW 4.24.040 imposes on the victim of fire damage the burden of proving negligence by the defendant, even when the defendant intentionally sets a fire. The trial court committed no evidentiary error based on a negligence standard.

Absent the statute, the act of intentionally setting a fire could qualify for strict liability or absolute liability as an abnormally dangerous activity. RESTATEMENT (SECOND) OF TORTS §§ 519 and 520 (1977). *Klein v. Pyrodyne Corp.*, 117 Wn.2d 1, 6, 810 P.2d 917, 817 P.2d 1359 (1991); *Langan v. Valicopters, Inc.*, 88 Wn.2d 855, 861-62, 567 P.2d 218 (1977). The setting of a fire creates a danger of great harm and, as illustrated by the facts of this case, the risk of harm cannot be eliminated by reasonable care.

Kinch Farms intentionally set a fire to increase crop yield or reduce expenses and thereby increase its income. Despite care in tending to the fire, the fire escaped and burned 5,000 acres of neighbors' farmland. Through no conduct of their own, plaintiff farmers sustained tens of thousands of dollars in damages. The outcome of this case is unfair.

I CONCUR:

_____
Fearing, J.