# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73953-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHAD CHARLES WHITNEY, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 17, 2017 |
| | ) | |

APPELWICK, J. — Whitney was released on his personal recognizance after promising to reappear. He received notice of a hearing date, but failed to appear at that hearing. He appeals his conviction for bail jumping, arguing that the State failed to prove that he was released by court order. We affirm the conviction, but remand for an inquiry into Whitney's ability to pay legal financial obligations.

## FACTS

Chad Whitney was arrested on September 12, 2012, for outstanding warrants. During a search incident to arrest, a police officer found a glass pipe in Whitney's pocket. Whitney was booked into jail. On December 13, 2012, the State charged Whitney with possession of a controlled substance, methamphetamine.

The trial court set a hearing for September 20, 2013. Whitney signed an order acknowledging this hearing date. Whitney was released from jail on his

personal recognizance. He failed to appear at the September 20 hearing. The court ordered a bench warrant to be issued for Whitney's arrest.

The information was amended to include identity theft in the second degree and bail jumping. At trial, the court admitted several exhibits relating to Whitney's failure to appear for a hearing on September 20. And, Whitney testified on his own behalf. The jury found Whitney guilty of possession and bail jumping. Whitney appeals.

## DISCUSSION

Whitney challenges his conviction for bail jumping as supported by insufficient evidence. He further argues that the trial court erred by imposing legal financial obligations without inquiring into his ability to pay.

I. <u>Bail Jumping</u>

Whitney argues that there was insufficient evidence to support his conviction for bail jumping. He contends this is so, because there was no proof that he was released by a court order prior to his failure to appear.

When this court reviews the sufficiency of the evidence, it asks whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. <u>State v. Joy</u>, 121 Wn.2d 333, 338-39, 851 P.2d 654 (1993). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. <u>State v. Salinas</u>, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

RCW 9A.76.170(1) defines the crime of bail jumping:

Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

Washington courts have drawn three discrete elements from this definition: "the defendant: (1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and (3) knowingly failed to appear as required." State v. Malvern, 110 Wn. App. 811, 813-14, 43 P.3d 533 (2002).

The only disputed element in this case is the second. Whitney contends that the State failed to establish that he was released by court order. He notes that while the State submitted exhibits related to his failure to appear, none of these documents are release orders. And, no witnesses for the State testified as to the circumstances of Whitney's release from custody.

Whitney is correct that the State did not proffer a court order regarding Whitney's release from custody. Instead, the documentary exhibits it provided on the issue of bail jumping were: the information, a September 5, 2013 order regarding hearing dates, the clerk's criminal minutes from September 20, 2013, a September 20, 2013 order directing the clerk to issue a bench warrant, and a bench warrant for Whitney's arrest.

The State also offered the testimony of Mount Vernon Police Officer Paul Shaddy. Officer Shaddy testified that he booked Whitney into jail on September

12, 2012. He confirmed that the information related to the case for which he arrested Whitney. And, Officer Shaddy reviewed the order regarding hearing dates and confirmed that it ordered Whitney to appear in court on September 20, 2013. Officer Shaddy noted that the order directing the clerk to issue a bench warrant and the bench warrant itself were issued on the same day that Whitney was directed to appear.

And, Whitney testified on his own behalf at trial. He explained that he missed his court date, because he had multiple warrants and court dates at the time. Whitney stated that he simply made a mistake and mixed up the day he was supposed to appear. He also explained the circumstances of his release from custody: "And when I got booked into the jail here, and they gave me all my court dates after I got PR'd. I simply -- I just missed court. I mean, I got PR'd. I didn't get bailed out. I didn't get to post bail or nothing." He clarified that he did not post any bail, because he had already promised to reappear, and people are frequently released when the jail is full.

Whitney's testimony that he was "PR'd" refers to the fact that he was released on his personal recognizance. Under CrR 3.2, a person charged with an offense other than a capital offense shall "be ordered released on the accused's personal recognizance pending trial." This is required, unless the court determines that recognizance will not reasonably assure the accused's later required presence or that the accused is likely to commit a violent crime or interfere with the administration of justice. Id. This rule makes clear that release on one's personal recognizance is an action taken by court order. Id. Therefore, even though the

4

State did not introduce a court order that released Whitney from jail, Whitney's testimony constituted circumstantial evidence that he was released by such an order.

We give direct and circumstantial evidence equal weight in determining the sufficiency of the evidence. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980); State v. Goodman, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). Drawing all reasonable conclusions from the evidence in favor of the State, a rational trier of fact could have found that Whitney was released by a court order that required his subsequent personal appearance. Whitney does not dispute that he was informed of the September 20 hearing and that he failed to appear. Therefore, we conclude that Whitney's bail jumping conviction is supported by sufficient evidence.

## II. Legal Financial Obligations

Whitney contends that the court erred in imposing discretionary legal financial obligations (LFOs) without inquiring into his ability to pay. Whitney challenges section of the judgement and sentence requiring him to pay a $250 jury demand fee, $100 drug enforcement fund fee, and $100 crime laboratory fee. Whitney did not object below.

Before imposing discretionary LFOs, RCW 10.01.160(3) requires the trial court to perform an individualized inquiry into the defendant's current and future ability to pay. State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). Boilerplate findings in the judgment and sentence regarding the defendant's ability to pay are insufficient. Id.

Here, the trial court did not inquire into Whitney's ability to pay discretionary LFOs.[1] The State does not dispute this. Instead, the State argues that this court should compare the cost of remand with the amount of Whitney's LFOs to determine whether to reach this issue. We decline to adopt this approach. RCW 10.01.160(3) requires the court to make an individualized inquiry into the defendant's ability to pay prior to imposing discretionary LFOs. We remand for the trial court to conduct such an inquiry.

III. Appellate Costs

The State seeks appellate costs under RCW 10.73.160. The State argues that nothing in the record indicates that Whitney's indigency will last forever and that he will continue to be unable to pay costs.

In so arguing, the State seeks to distinguish this case from State v. Sinclair, 192 Wn. App. 380, 367 P.3d 612, review denied, 185 Wn.2d 1034, 377 P.3d 733 (2016). In Sinclair, this court declined to award appellate costs. Id. at 393. Because Sinclair had previously been deemed unable by reason of poverty to pay for any of the expenses of appellate review, the court presumed that Sinclair remained indigent. Id. at 392-93. And, the court noted that the State had not offered any evidence to support its speculation that Sinclair had other financial

---

[1] The State contends, without citation to the record, that the trial court took into consideration the fact that Whitney is able bodied and capable of paying discretionary LFOs when it entered the sentencing order. At the sentencing hearing, the State asked the court whether it would find that Whitney was able bodied and able to pay LFOs. The court answered "yes" without conducting any inquiry to support such a finding. Such a cursory response to the State's request does not constitute an individualized inquiry into ability to pay.

resources. Id. at 393. Rather, since Sinclair was 66 years old and serving a minimum term of over 20 years in prison, it would be unrealistic to expect him to be released and find gainful employment that would allow him to pay appellate costs. Id.

Here, the trial court entered an order of indigency authorizing Whitney to seek appellate review at public expense. The State has not pointed to any evidence that Whitney's financial situation is likely to improve. There is no trial court finding that Whitney will be able to pay fees and costs in the future. Under these circumstances, we presume that Whitney remains indigent and decline to award appellate costs to the State.

We affirm, but remand for an individualized inquiry into Whitney's ability to pay LFOs.

WE CONCUR: